**Opinion filed September 10, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00093-CR

_____

**WALTER VILLASANA, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Tarrant County, Texas**
**Trial Court Cause No. 1082826D**

**M E M O R A N D U M   O P I N I O N**

The trial court convicted Walter Villasana, upon his plea of guilty, of aggravated assault with a firearm. Appellant also entered a plea of true to the enhancement allegation. A plea bargain agreement was not reached. The trial court assessed his punishment at confinement for seven years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous.

Counsel presents one arguable issue in his brief. Counsel questions whether the punishment assessed is cruel and unusual. As counsel notes, the sentence assessed falls within the range of punishment for a person convicted of a second degree felony offense with one prior felony

conviction. TEX. PENAL CODE ANN. §§ 12.42, 22.02 (Vernon Supp. 2008). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). The arguable issue is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant challenges the effectiveness of his trial counsel and raises concerns that, because he was on pain medication after surgery on his elbow, he was not in his "right frame of mind." Appellant further states that, because of the pain medication, his pleas were involuntary. The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and, therefore, the appeal should be dismissed or whether arguable grounds exist and, therefore, new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.


September 10, 2009                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2